IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RICKIE MAYS                                                                                          PLAINTIFF

5:07CV00116JMM/HDY

RICKEY McCARRELL, et al.                                                             DEFENDANTS

## PROPOSED FINDINGS & RECOMMENDATION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or

> other non-testimonial evidence desired to be introduced at
> the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## **DISPOSITION**

A trial was held in this case before the Court on March 4, 2008. Following a presentation of the testimony of the parties and submission of exhibits, the Court enters the following proposed findings and recommendation.

### **I. Facts**

Plaintiff originally filed this action pursuant to 42 U.S.C. § 1983 while incarcerated at the Arkansas Department of Correction (ADC). He was released from incarceration in February, 2008. In his complaint, plaintiff alleges that on July 23, 2005, he was housed at the Varner Super Max Unit, when defendants McCarrell, Howsen, and Maddox, employees of the ADC, came to his cell to take him to doctor call. Plaintiff further alleges defendants Howsen and Maddox watched while defendant McCarrell struck plaintiff several times in the head with handcuffs, and then jerked plaintiff off his bunk and onto the concrete floor. Plaintiff alleges as the defendants escorted him out of his cellblock, defendant Evans joined them, and helped McCarrell to beat plaintiff a second time. Plaintiff asks for monetary relief from the defendants.

**A. Plaintiff's Testimony**

According to the testimony of the plaintiff, on July 23, 2005, defendants McCarrell, Howsen and Maddox came to his cell to take him to doctor call. Plaintiff stated he backed up to the trap door of his cell so defendants could cuff him behind his back. He then stated defendant McCarrell told him to get on his knees on the bunk, and started hitting plaintiff. Defendants Howsen and Maddox then watched as McCarrell placed plaintiff on his stomach on the bunk, straddled him and beat him again, and then pulled him off the bunk onto the floor. Plaintiff was then shackled and taken out of the cell. Plaintiff testified defendant Evans verbally threatened plaintiff in the hall and then Evans, Howsen and McCarrell jumped on him again, pushed him into a food cart, and hit him in the stomach, head, and buttocks areas. Plaintiff stated he was then placed in the shower where his restraints were tightened, and was left there for thirty minutes.

Plaintiff testified he was later taken to the infirmary where he was treated with peroxide for cuts on the back of his head. Defendants' Exhibit 1 contains photographs of plaintiff following the incident. Plaintiff stated he was diagnosed with paranoid schizophrenia as a result of the incident, and has been taking medication for three years. He also testified that on several occasions prior to the July, 2005 incident, he filed grievances against defendants McCarrell and Evans, complaining about their threats of harm to him. See Plaintiff's Exhibits 1-10.

Plaintiff admitted that while incarcerated he spent the majority of his time in the punitive isolation area, due to the volume of disciplinary violations he committed. See Defendants' Ex. 3. He also admitted that some of the disciplinary convictions were the result of assaults on officers. Plaintiff stated he was convicted of a disciplinary as a result of the July, 2005 incident, and admitted he did not experience problems with defendants Maddox or Howsen prior to the incident. Plaintiff

denied experiencing mental health issues or seeking mental health treatment prior to the incident, and maintained he sought such treatment only after the July, 2005 incident.

**B. Defendants' Testimony**

Defendant Larry Howsen, a field sergeant at the Varner Unit from 2002-2006, testified on the date of the incident he was helping to escort plaintiff to doctor call. He stated when he, Maddox and McCarrell approached plaintiff's cell, they opened the trap door and handcuffed plaintiff with his hands in front of his body. He also stated McCarrell and Maddox initially entered the cell while he remained outside, completing paperwork. Howsen stated at some point, Maddox came out of the cell and asked him for his can of mace, as McCarrell and Mayes were involved in an altercation. The two were then separated and Howsen stated he escorted plaintiff into the hallway and then to isolation. Howsen denied seeing McCarrell punch plaintiff and he denied pushing plaintiff down on his bunk. He also denied failing to protect the plaintiff, and stated he was never disciplined for abusing an inmate.

In July, 2005, defendant Cory Maddox was employed at the ADC as a CO-1. He also testified about the incident, stating plaintiff was handcuffed in the front and then swung around and hit defendant McCarrell in the head. At that point, Maddox asked Howsen for his mace, but did not spray it. He denied seeing McCarrell straddle and punch plaintiff, and stated he entered the cell to help subdue plaintiff. He also admitted seeing blood on plaintiff's clothes. Plaintiff was then restrained and Howsen and McCarrell took him out of the cell. Maddox stated after the incident he completed a report.

Defendant Rickey McCarrell testified he was employed at the ADC as a sergeant in July, 2005, and was responsible for providing security. He remembered plaintiff as a problem inmate and

4

knew plaintiff previously filed grievances against him. McCarrell stated he had no problem with plaintiff's grievance history against him and noted that none of the grievances were found to have merit. Defendant stated plaintiff often fabricated allegations against him, such as claiming defendant threatened him and placed bodily fluids in his food.

On July 23, 2005, defendant went to plaintiff's cell to escort him to the doctor, and cuffed him in the front. Although defendant admitted the ADC movement policy instructed guards to handcuff inmates behind the back (see Defendants' Ex. 7), defendant stated medical personnel requested that inmates be cuffed in the front in order to facilitate medical examinations and treatment. Defendant McCarrell stated after plaintiff was cuffed, he instructed plaintiff to kneel on his bunk so he could place leg irons on his ankles. As McCarrell started placing the leg irons on plaintiff, plaintiff turned and struck defendant on his head several times with his handcuffs. Defendant then wrestled plaintiff to the bunk and hit him in an effort to defend himself. Defendant stated Howsen and Maddox came into the cell to help subdue plaintiff and attach his leg irons.

Defendant McCarrell stated Defendants' Exhibit 1, which is a picture of the plaintiff following the incident, shows plaintiff with his hands cuffed in the front. Defendant stated as a result of the incident plaintiff received treatments for cuts and defendant was treated for cuts and a mild concussion. See Defendants' Ex. 2, photographs of defendant McCarrell following the incident. Defendant denied plaintiff was beaten a second time, outside of the cell, and stated he completed a use of force form and charged plaintiff with a disciplinary for assault and aggravated battery. Defendant denied pulling plaintiff off his bunk onto the floor, denied hearing defendant Evans threaten plaintiff, denied punching plaintiff after the first incident and denied watching other employees strike plaintiff. Defendant also denied placing plaintiff in the shower with his cuffs

tightened.

Defendant Evans was not present to testify at the trial. Although summons was returned, executed, on September 26, 2007, he did not file a response to plaintiff's complaint. By Order dated February 20, 2008, this Court granted plaintiff's motion for entry of default against defendant Evans, and directed him to respond (DE #53).

## II. Law

The Eighth Amendment "does not mandate comfortable prisons, but does impose a duty on prison officials to provide humane conditions of confinement," Farmer v. Brennan, 511 U.S. 825, 832 (1994). While the Eighth Amendment does protect inmates from unnecessary and wanton infliction of pain by correctional officers [Whitley v. Albers, 475 U.S. 312, 319 (1986)], officers are permitted to use force reasonably, "in a good-faith effort to maintain or restore discipline," but not "maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 9 (1992).

In determining whether excessive force was used in a particular situation, courts consider whether there was an objective need for force, the relationship between any such need and the amount of force used, the threat reasonably perceived by the correctional officers, any efforts by the officers to temper the severity of their forceful response, and the extent of the inmate's injury. Id. See also Treats v. Morgan, 308 F.3d 868 (8th Cir. 2002).

In this particular case, plaintiff alleges defendants McCarrell and Evans struck him, and defendants Howsen and Maddox watched and failed to protect him. Although plaintiff denied initiating the incident by striking defendant McCarrell, his testimony was not credible. Despite the fact plaintiff maintained he was cuffed behind his back, defendants McCarrell, Howsen and Maddox testified to the contrary, and the photographs taken of plaintiff following the incident appear to show

plaintiff cuffed in the front. In addition, defendants presented photographs showing injuries suffered by defendant McCarrell following the incident, and it is unlikely such injuries could have been inflicted by the plaintiff if he were cuffed behind his back. Furthermore, although plaintiff alleges defendants McCarrell and Evans roughed him up later in the hallway, his testimony again was not credible, and he did not prove to the Court, by the preponderance of the evidence, that defendants acted maliciously and sadistically to cause him harm.

Defendant McCarrell testified that some force was needed to subdue plaintiff and defend himself, and plaintiff provided no proof of suffering from excessive injuries as a result. Furthermore, plaintiff provided no proof defendants Howsen and Maddox acted in a manner deliberately indifferent to his need for protection from serious harm from defendant McCarrell. See Newman v. Holmes, 122 F.3d 650, 652 (8th Cir. 1997). In addition, although plaintiff originally alleged a conspiracy and retaliation by the defendants, he provided no evidence to support such allegations. Therefore, the Court finds that the relationship between the need for force by defendant McCarrell and the amount of force used was reasonable, and plaintiff failed to prove any excessive injuries as a result.

Finally, with respect to defendant Evans, plaintiff's sole allegation against him was that he participated in a second beating with defendant McCarrell. However, the Court stated previously such testimony was not credible and not supported by any evidence. Therefore, the Court finds that plaintiff did not prove a violation of the Eighth Amendment by the defendants, and that his complaint against them all, including Evans, should be dismissed. Accordingly,

IT IS, THEREFORE, RECOMMENDED that plaintiff's complaint against defendants be DISMISSED with prejudice.

IT IS SO RECOMMENDED this __5___ day of March, 2008.

_____
United States Magistrate Judge